JAMES M. HOLMES *v.* M. J. HOPKINS.

[Abstract Kentucky Law Reporter, Vol. 5—242.]

**Allotment of Dower.**
   The judgment of commissioners appointed to allot dower should be approved unless there is a very apparent reason for disturbing their action.

**Rents of Ground Allotted as Dower.**

The widow to whom dower in land is allotted is only entitled to the rents from the institution of the action and not from the death of the husband.

APPEAL FROM DAVIESS CIRCUIT COURT.

September 15, 1883.

OPINION BY JUDGE PRYOR:

We perceive no error in this case to the prejudice of the appellant except in the judgment for rents. The division and allotment of dower, if prejudicial to any of the parties, must be held to be so to the widow. In our opinion, however, those who were familiar with the land and its quality should be regarded as the proper judges of the rights of each in the division, and unless there is at least an apparent reason for disturbing the action of the commissioners the judgment should be affirmed. The rents charged should only begin to run from the institution of the action and not from the death of the husband, and this being the case the judgment was for too much.

It is claimed that the trustee should not be held personally responsible for the rents. We perceive no reason why he should not. He was in the possession and use of the land, claiming, it is true, to control it for others, but this did not authorize him to take or hold possession of the land of the appellant and thus avoid personal liability, because he was acting as trustee. He not only held the title as trustee but was in the actual occupancy of the land and refused to deliver to appellee the possession.

The judgment is *affirmed* except as to rents. The appellee was entitled to rents from the filing of his petition.

*Weir, Weir & Walker, for appellant.*

*W. N. Sweeney & Son, for appellee.*